10-3589-ag
Boveri v. Holder

BIA
Strauss, IJ
A095 872 200

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of April, two thousand twelve.

PRESENT:

ROSEMARY S. POOLER,
PETER W. HALL,
GERARD E. LYNCH,
    *Circuit Judges.*

_____

JACQUES BOUTELEZI BOVERI, a.k.a.
LUMBASI LUBENDA KUTOMA,
        *Petitioner*,

        v.                                    10-3589-ag
                                              NAC
ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
        *Respondent.*

_____

FOR PETITIONER:      Alexander Lumelsky, Farmington, CT.

FOR RESPONDENT:      Tony West, Assistant Attorney General;
                     Michelle G. Latour, Assistant Director;
                     Michele Y. F. Sarko, Attorney, Office of
                     Immigration Litigation, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jacques Boutelezi Boveri, an alleged native and citizen of the Democratic Republic of Congo ("DRC"), seeks review of the August 6, 2010, order of the BIA affirming the April 5, 2004, decision of Immigration Judge ("IJ") Michael W. Strauss pretermitting his application for asylum and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Jacques Boutelezi Boveri*, No. A095 872 200 (B.I.A. Aug. 6, 2010), *aff'g* No. A095 872 200 (Immig. Ct. Hartford, CT April 5, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"When the BIA agrees with the IJ's conclusion that an asylum applicant is not credible and emphasizes particular aspects of the IJ's decisions, we review both the BIA's and the IJ's opinions." *Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006). We review the factual findings of the BIA and IJ for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

The agency's adverse credibility determination was supported by substantial evidence. In his brief, Boveri does not challenge the BIA's findings that: (1) his appearance is not that of a typical Tutsi; and (2) his explanation that he was unaware of the danger to Tutsis in November 1998 was implausible based on country conditions at that time; (3) his assertion that Tutsis in the DRC do not speak a particular language was contradicted by country reports. Accordingly, those findings stand as valid bases for the IJ's adverse credibility determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008).

With respect to the findings that Boveri does challenge, each was proper. The BIA's finding that Boveri failed to adequately establish his identity because he did not provide an original Congolese birth certificate, and the copy he provided indicated that it was issued in Kinshasa even though he testified that his wife obtained the certificate in Lubumbashi, was reasonable, and the BIA was not compelled to accept Boveri's explanation that "perhaps" he had the original at home and that "they [are] going to stamp [the certificate] to say that it's from Kinshasa . . . [b]ut everything is done in Lubumbashi." *See Majidi v. Gonzales*, 430 F.3d 77, 80-81

3

(2d Cir. 2005). Regarding the BIA's finding that it was implausible that Boveri's Tutsi wife could have obtained a birth certificate for him in Kinshasa during the height of the civil war, he again states that his wife actually obtained the certificate in Lubumbashi. However, as noted above, the BIA was not compelled to accept that explanation in light of the fact that the certificate itself indicated that it was issued in Kinshasa. *See id.* at 80-81. With respect to Boveri's use of Zambian identity documents, even if we were to credit Boveri's explanation that he obtained his Zambian passport through "the gentlemen [he] was working for" in Zambia, he failed to explain where he obtained an original copy of a Zambian birth certificate. In any event, in light of Boveri's use of genuine Zambian identity documents, the IJ was not required to accept Boveri's testimony that he was in fact not Zambian, but rather Congolese.

Contrary to Boveri's assertion, each of the above findings questioning the validity of his identification documents went to the heart of his claim that he feared persecution as a Congolese Tutsi. *See Borovikova v. U.S. Dep't of Justice*, 435 F.3d 151, 158 (2d Cir. 2006) (applicant's failure to establish his identity is alone sufficient to support adverse credibility determination warranting denial of relief).

4

Because Boveri's claims for withholding of removal and CAT relief were based on the same factual predicate, the BIA did not err in denying both claims based on the IJ's underlying adverse credibility determination. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5